UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANTHONY T.C. MACHIAVELLI, )<br>                                   )<br>    Plaintiff                  )<br>                                   )<br>v.                                       )  1:12-cv-00200-DBH<br>                                   )<br>PATRICIA BARNHART,         )<br>                                   )<br>    Defendant               ) | |

**RECOMMENDED DECISION**

Anthony T.C. Machiavelli, who is incarcerated in Maine, has filed a petition (ECF No. 1) for habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254. He seeks to challenge a Louisiana detainer, first sent in 2002 by the Lafayette Parish Sheriff Department and subsequently updated in 2011 by the State of Louisiana Department of Public Safety and Corrections, to the State of Maine Department of Corrections.[1] In the detainer, Louisiana corrections officials request that toward the end of Machiavelli's prison terms in Maine, Maine corrections officials notify them so that Louisiana can make arrangements to return Machiavelli there to serve the remainder of two Louisiana sentences. In his petition, Machiavelli's sole focus is the validity of the detainer. His Maine release date is currently projected to be approximately eight years from now. I recommend that the Court deny the petition.

**Background**

On August 4, 1999, in Maine, the Cumberland County Grand Jury returned two indictments charging Machiavelli with a total of three counts of gross sexual assault. (State of

---

[1] Machiavelli appropriately named the attorneys general of both Maine and Louisiana as respondents in his petition, pursuant to Habeas Rule 5(b). I have never ordered the attorney general from Louisiana to answer or otherwise respond to this petition. However, I direct the Clerk to mail a courtesy copy of this recommended decision to the attorney general of Louisiana in order to apprise Louisiana officials of this litigation.

Maine v. Machiavelli, Nos. PORSC-CR-1999-01122, PORSC-CR-1999-01123, Docket Sheets, ECF No. 11-1.) On December 20, 1999, Machiavelli pled guilty to the charges, and on January 5, 2000, he was sentenced to concurrent straight 20-year terms of imprisonment. (Id.)

While in execution of these Maine sentences, Machiavelli confessed to a homicide he had committed in Louisiana in July 1999. (Affidavit of Detective Sonny Stutes, attached to Executive Agreement of Re-Extradition ("Executive Agreement"), ECF No. 11-2 at PID[2] 78-79.) The Louisiana authorities learned about Machiavelli's confession in April 2000. (Id. at PID 78.) Louisiana investigators went to the Maine prison to interview Machiavelli and to obtain prints from him. (Id. at PID 79.) One of his prints matched a print found at the Louisiana crime scene. (Id.) On July 26, 2000, a Louisiana grand jury returned an indictment charging Machiavelli with one count of second degree murder. (Indictment, attached to Executive Agreement, ECF No. 11-2 at PID 77.) A warrant was subsequently issued for his arrest. (Warrant, attached to Executive Agreement, ECF No. 11-2 at PID 80.)

On July 9, 2001, the governors of Louisiana and Maine, Mike Foster and Angus King, entered into the Executive Agreement, pursuant to Article IV section 2 of the United States Constitution and 18 U.S.C. §3182, to return Machiavelli to Louisiana to stand trial for the murder. (Executive Agreement at PID 69-70.) The Executive Agreement stated that if Machiavelli were either acquitted after trial or if the prosecution terminated in any manner other than a death sentence, he was to be returned to Maine. (Id. at PID 70.)

On August 3, 2001, Governor King issued a warrant authorizing the arrest and extradition of Machiavelli. (Governor's warrant, ECF No. 11-3.) On August 24, 2001, a fugitive from

---

[2] "PID" (page identification) refers to pages of the sequentially paginated electronic case files ("ECF") system. Thus "PID 78-79" refers to pages 78-79 of the sequentially paginated electronic case files for this case, and is used for ease of access to certain portions of the record. Those with access to the ECF system may retrieve a specific page of the docket by using the PageID field on the Docket Report.

justice complaint was filed against Machiavelli in the District Court in Rockland, Maine.  (State of Maine v. Machiavelli, No. ROCDC-CR-2001-01268, Docket Sheet, ECF No. 11-4.)  On September 14, 2001, after hearing, the District Court (Worth, J.) denied Machiavelli's petition contesting his extradition and thereafter ordered him to be extradited to Louisiana.  (Id.)  The docket sheet indicates that Machiavelli did not file a notice of discretionary appeal pursuant to Maine Rule of Appellate Procedure 19 from that order.  (Id.)

On July 30, 2002, Machiavelli, pursuant to a plea agreement, pled guilty to manslaughter in Louisiana and, after an information had been filed, pled guilty to escape.  (Louisiana information, judgment and commitment orders, ECF No. 11-5.)   He was sentenced to 35 years of hard labor on the manslaughter charge and to 5 years of hard labor on the escape charge, to be served consecutively to the manslaughter sentence.  (Id.)  These two Louisiana sentences were to be served concurrently with "any other sentence the defendant may be serving in this country," i.e., the Maine sentences.  (Id.)  On August 7, 2002, Louisiana correctional officials sent a letter, which they asked to serve as a detainer, to the Maine Department of Corrections informing it of Machiavelli's Louisiana sentences.  (Letter, ECF No. 11-6 at PID 97.)  Later that month, Machiavelli was returned to Maine to continue in execution of his Maine sentences. (Prisoner Receipt, ECF No. 11-6 at PID 98.)  On October 26, 2011, Louisiana correctional officials sent another letter, which they asked to serve as an updated detainer and which the State represents was addressed to the Maine Department of Corrections, informing it of Machiavelli's projected release date on the Louisiana sentences.  (Letter, ECF No. 11-6 at PID 99; Answer, ECF No. 10 at 3.)

Apparently the October 26, 2011, updated detainer is the factual predicate that prompted Machiavelli to seek legal action in Louisiana and this Court.  (Petition at 1; Louisiana state court

petition, attached to the pending petition, ECF No. 1-2 at PID 24.) On June 11, 2012, Machiavelli signed the pending petition and filed it with this Court on June 21, 2012. (Petition at 1, 15.) Machiavelli says that sometime after viewing his classification file and learning of the detainer he attempted to file a petition in the Maine state court in Knox County, but the Maine court did not respond to his petition. (Petition at 5.) According to the Assistant Attorney General who responded to my Order to Answer and provided the state court records, he was unable to find any record of the petition Machiavelli claims he filed in the Superior Court at Knox County. (Answer at 3 n.1.) Nonetheless, because the State maintains that Machiavelli's petition has no merit, the State expressly waives the defense that Machiavelli failed to exhaust state remedies, pursuant to 28 U.S.C. § 2254(b)(1)-(3), without prejudice to the State's ability to reassert that requirement eight years down the road when Machiavelli is actually facing return to Louisiana. (Id.)

Machiavelli tried to challenge the Louisiana detainer in the courts of Louisiana by filing a petition in the Fifteenth Judicial District Court, Layfayette Parish on October 28, 2011. (Louisiana petition at PID 24.) The petition was denied without comment on November 15, 2011. (Id. at PID 26.)

### Discussion

Machiavelli asserts three main points in support of his argument that the detainer is in violation of federal law, pursuant to 28 U.S.C. §§ 2241(c)(3), 2254(a). First, he argues that the detainer is defective and was issued in bad faith. This argument is based on his assertions that (a) he is not a fugitive (Reply, ECF No. 14 at 2-4); (b) the detainer does not concern pending charges (as it must in order to be valid under the Interstate Agreement on Detainers, 18 U.S.C. app § 2; 34-A M.R.S. §§ 9601-9609 (IADA)) (Petition at 5); and (c) the detainer was not issued

4

for parole or probation (Petition at 5, 13-14). Second, Machiavelli argues that he was not informed that there was a detainer and this violated his due process rights. (Petition at 13-14.) Third, he argues that Louisiana lacks authority to obtain custody over Machiavelli because Louisiana's sentence was "controlling" but that state voluntarily relinquished him to Maine and has no agreement with Maine to authorize his transfer back to Louisiana at the end of his Maine sentences. (Reply at 2-4.)

The State argues both that Machiavelli is not in custody and that the detainer does not violate federal law, pursuant to 28 U.S.C. §§ 2241(c)(3), 2254(a). (Answer at 4-6.) Regarding custody, the State argues that because Machiavelli is actually correct that the detainer does not concern pending charges and the IADA is not applicable, it necessarily follows that Machiavelli is not in custody pursuant to 28 U.S.C. §§ 2241(c)(3), 2254(a) and his petition must fail on that basis. (Id.)

I note three points preliminarily. First, this court has subject matter jurisdiction, pursuant to section 2241(c)(3), 2254(a), notwithstanding that the petition concerns Machiavelli's future confinement in Louisiana. See Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004); Maleng v. Cook, 490 U.S. 488, 493-94 (1989); Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 498-99 & n.15 (1973); Peyton v. Rowe, 391 U.S. 54, 58-59, 64-65 (1968)). Second, venue is proper. See Braden, 410 U.S. at 498-99 & n.15. Third, the State has explicitly waived any defense it may have asserted that Machiavelli failed to exhaust state remedies. See 28 U.S.C. § 2254(b)(1)-(3); Habeas Corpus Rule 5(b); Wood v. Milyard, 132 S. Ct. 1826, 1834 (2012) (noting that it would be an abuse of discretion for a court "'to override a State's deliberate waiver of a limitations defense,'" and equating the affirmative defenses of limitations and exhaustion for purposes of forfeiture or waiver of either defense (quoting Day v. McDonough, 547 U.S. 198, 202 (2006))).

I conclude that Machiavelli meets the "in custody" requirement of 28 U.S.C. §§ 2241(c)(3), 2254(a), but because the detainer does not violate any federal law, I address that issue first and recommend that the Court deny the petition on that basis. Machiavelli is correct that the IADA does not apply to the detainer at issue here because the IADA concerns only detainers sent in anticipation that the prisoner will face pending charges in the receiving state. See 18 U.S.C. app. § 2; 34-A M.R.S. §§ 9601-9609. The IADA does not apply to detainers that do not concern pending charges, but rather are issued, as here, in anticipation that a prisoner, after he is released from one state's custody, will be transferred to another state to serve a sentence on an existing conviction in the receiving state. See 18 U.S.C. app. § 2; 34-A M.R.S. §§ 9601-9609.

However, the inapplicability of the IADA does not render the detainer defective. The Supreme Court has recognized that detainers are not restricted to holds pending trial, but may also be used for holds pending imprisonment after a conviction is obtained. See Nelson v. George, 399 U.S. 224, 226 (1970). In Nelson, the Court noted that a state court clerk in North Carolina addressed a letter to a prison records officer in California advising that a prisoner there was wanted at the end of his imprisonment in California for return to North Carolina to serve a North Carolina sentence. Id. The Court referred to the clerk's letter as a detainer. Id. The Court has also recognized that detainers may be issued by non-judicial officers such as prosecutors and law enforcement personnel. See United States v. Mauro, 436 U.S. 340, 358 & n.25 (1978). In Mauro, the Court noted that the informality of the process can lead to detainers being issued without grounds or in bad faith. Id. at 358 n.25. In this case, however, there is no basis for Machiavelli's argument that the detainer was either groundless or was issued in bad faith.

Machiavelli's second argument is that he was either not informed or deliberately misinformed about the detainer and this violated a due process right. (Petition at 13-14.) He bases this on the use of the term "warrant" rather than "detainer" on his prison classification papers. (Id.) The only federal law to which Machiavelli refers in support of this argument is the due process clause, U.S. Const. amend. V. However, he has no due process right to challenge the warrant and detainer status of his prison classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (noting that the adverse effect of a warrant and detainer on a prisoner's classification did not give rise to a due process right and generally rejecting "the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right").

Finally, Machiavelli argues that Louisiana lacks authority to obtain custody over him because Louisiana voluntarily relinquished him to Maine and has no agreement with Maine to authorize his transfer back to Louisiana at the end of his Maine sentences (Reply at 4). Machiavelli is correct that the Executive Agreement executed by Maine and Louisiana in July 2001 concerns the exchange of Machiavelli back to Maine after his trial in Louisiana, but does not address any subsequent return to Louisiana. (Executive Agreement at PID 70.) However, Machiavelli's transfer, when it happens, will be governed by article IV, section 2 of the United States Constitution; 18 U.S.C. § 3182; and 15 M.R.S. § 202 to the extent these remain applicable; as well as any applicable Louisiana state law. Contrary to his assertion, he is and will at the time of his transfer be considered a fugitive from justice pursuant to 15 M.R.S. § 201(4)(B), which imposes fugitive status on "[a]ny person convicted of a crime in the demanding state who is not in that state, unless he is lawfully absent pursuant to the terms of his bail or other

release, who has not served or completed a sentence imposed pursuant to the conviction," including "a person who has been serving a sentence in this State."

Although I recommend that the petition be denied because the detainer does not violate any federal law, I would find that Machiavelli has met the requirement that he be in custody. The State argues that because the detainer is not pursuant to the IADA, Machiavelli is being held without any detainer at all and for that reason is not in custody pursuant to 28 U.S.C. §§ 2241(c)(3), 2254(a). (Answer at 4-5.) When a detainer has been issued for a confinement to be imposed in the future, a petitioner is in the custody of the issuing authority by virtue of the detainer for purposes of meeting the in-custody requirement of 28 U.S.C. §§ 2241(c)(3), 2254(a). See Rumsfeld, 542 U.S. at 438; Braden, 410 U.S. at 488-89. Machiavelli therefore meets the custody requirements of sections 2241(c)(3) and 2254(a) for purposes of challenging the portion of the Louisiana sentences that he will eventually serve in Louisiana.

The State cites to three cases on the issue of the in-custody requirement (Answer at 4-5), but none of these is applicable here. In Daker v. Baker, 263 F. App'x 809, 812 (11th Cir. 2008), the court held that a "dead-docketed" indictment, without a conviction or a detainer, meant that the petitioner was not in custody for purposes of his habeas corpus petition. In Dodd v. United States Marshall, 439 F.2d 774, 774-75 (2d Cir. 1971), the court held that because the State of Washington had not issued a detainer on a prisoner who was on parole in Washington but who was in federal custody pursuant to a conviction in Vermont, the prisoner was not "in custody" of the Washington officers, and therefore the federal district court in Vermont was without jurisdiction to entertain the petition. In Bancroft v. Massachusetts, 525 F. Supp. 2d 237, 242 (D. Mass. 2007), the court held that the petitioner, who was in prison in Virginia, could not be considered to be "in custody" under a Massachusetts indictment for purposes of 28 U.S.C. §

8

2241(b)(3) because Massachusetts had not issued a detainer with Virginia authorities.  None of these cases is analogous to Machiavelli's situation because, in contrast to those cases, here there is a detainer issued in anticipation that Machiavelli will eventually be transferred to serve the remainder of his Louisiana sentences.

## Conclusion

I recommend that the Court deny the petition (ECF No. 1) because although Machiavelli meets the requirement that he be in custody, the detainer is not "in violation of the Constitution or laws or treaties of the United States," pursuant to 28 U.S.C. §§ 2241(b)(3), 2254(a).  I further recommend that a certificate of appealability should not issue in the event Machiavelli files a notice of appeal because there is no substantial showing of the denial of a constitutional right as contemplated by 28 U.S.C. § 2253(c)(2).

## Notice

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 17, 2012                          /s/ Margaret J. Kravchuk
                                          U.S. Magistrate Judge